**STATE of Missouri, Respondent,**

v.

**Nathaniel A. HESTER, Appellant.**

**No. ED 81883.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 2003.

Pete E. Carter, Columbia, MO, for appellant.

John Munson Morris III, Charnette D. Douglas, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J., MARY R. RUSSELL, J.

### ORDER

PER CURIAM.

Nathaniel Hester ("Movant") appeals from the judgment denying his motion for resentencing under section 217.362 RSMo (2000) or to withdraw his guilty plea filed pursuant to Rule 29.07(d). Movant was charged with tampering in the first degree with a motor vehicle and assault in the third degree in January 1997. While that case was pending, in July 1997, Movant was charged with possession of a controlled substance of cocaine base, possession of drug paraphernalia, and tampering in the second degree. Movant pled guilty to all five charges in December 1997, and was sentenced to five years in the Missouri Department of Corrections. The trial court, however, suspended execution of sentence and placed Movant on two years supervised probation for the motor vehicle tampering charge, and suspended imposition of sentence and placed him on one year unsupervised probation on the assault charge. On the other three charges, the court suspended imposition of his sentence and placed him on two years of supervised probation. Movant's probation was extended to November 2002.

While on probation, in January 2001, Movant was charged with stealing a motor vehicle and driving with a suspended license, and pled guilty to both charges. Because Movant was a prior and persistent offender, the court sentenced him to 10 years in the Missouri Department of Corrections. The court ordered its sentence pursuant to section 217.362 RSMo

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2000, providing long-term drug treatment. The Department of Corrections, however, later determined that Movant was ineligible for long-term drug treatment and directed the court to amend Movant's sentence and judgment to remove the section 217.362 stipulations.

Movant then filed a motion for resentencing and asked that the court either allow him to withdraw his guilty pleas or resentence him. The trial court denied Movant's request to withdraw his guilty pleas and completed sentencing forms for Movant. Movant alleges the trial court erred by failing to resentence him under section 217.362 or in denying his request to withdraw his guilty pleas. We find no error and affirm.

We have reviewed the briefs of the parties and the record on appeal and find that Movant's claims of error are without merit. A written opinion reciting the facts and restating the law would have no jurisprudential value. The parties have been furnished with a memorandum opinion for their information only, which sets forth the reasons for this order.

We affirm the judgment pursuant to Rule 30.25(b).